UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HERBERT STUDSTILL EL,**

    **Plaintiff,**　　　　　　　　　　**CIVIL ACTION NO. 15-CV-14043**

vs.　　　　　　　　　　　　　　　**DISTRICT JUDGE DAVID M. LAWSON**

　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

**MICHIGAN DEPARTMENT OF STATE,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Herbert Studstill El, proceeding *pro se* in this matter, filed his Complaint against Defendant Michigan Department of State, alleging that Defendant violated his rights under (1) the Moorish Zodiac Constitution articles 1-7; and (2) the First, Fourth, Fifth, and Ninth Amendments of the U.S. Constitution when Defendant required Plaintiff to submit to a medical examination to reinstate his driver's license.  (*See* docket no. 1.)  Plaintiff seeks reinstatement of his driver's license and $750,000.00 in damages for discrimination, claiming that the Romulus Police Department discriminated against him because of his Moorish descent.  (*Id.* at 26.)

Before the Court is Defendant's Motion to Dismiss.  (Docket no. 10.)  Plaintiff filed a Response.  (Docket no. 12.)  This matter has been referred to the undersigned for all pretrial purposes.  (Docket no. 6.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.**　　**Recommendation**

For the reasons stated herein, Defendant's Motion to Dismiss [10] should be GRANTED.

1

This matter should be dismissed in its entirety.

**II. Report**

    **A. Facts**

The facts in this matter are somewhat unclear from Plaintiff's Complaint, but it appears that Plaintiff's claim relates to the following incident:

> Mr. Studstill was referred by the Romulus Police Department due to an incident that occurred on 11/27/12. Per the OC88 officers observed Mr. Studstill steering an inoperable vehicle that was being pushed by another vehicle. Per the officer Mr. Studstill refused to provide any information about himself or the vehicle. The officer indicated that Mr. Studstill had to be removed from the vehicle by officers. The officer indicated that it is their belief that Mr. Studstill cannot be a functional driver if he cannot understand traffic laws and compliance.

(Docket no. 1 at 15.) Plaintiff was ultimately cited for failure to provide a proof of insurance. (*Id.* at 10.) On December 14, 2012, Plaintiff was informed that he would be scheduled for a Driver Assessment reexamination, at which time he would also have to provide a completed Physician's Statement of Examination, indicating that he was physically and mentally capable of operating a vehicle. (*See id.* at 20, 22-25.) Plaintiff was ordered to appear for reexamination at 10:00 a.m. on February 20, 2013. (*Id.* at 9.)

Plaintiff appeared for reexamination and analysis, at which time the analyst noted the following:

> . . . Mr. Studstill appeared without a medical statement today. He stated that he was cooperative, but the officer was upset. Mr. Studstill stated that it took him a long time [to comply] because he had on three pair of pants and his seat belt when attempting to reach for his wallet. Mr. Studstill stated that he does not see a doctor as he has never been sick and has no ongoing medical condition. Mr. Studstill has been licensed since 1992. Since that time he has received one considered violation. Mr. Studstill passed the vision test and failed the written test. His score was 15/20, three of which were road signs. Mr. Studstill was given a medical statement. He was advised that he will remain under suspension until he submits a medical statement and passed the written and road test.

(*Id.* at 15-16.) Plaintiff never completed these requirements, and his license was ultimately suspended, indefinitely, by court order. (*See id.* at 13-14.)

**B.     Governing Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and

(2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### C. Analysis

Defendant argues that Plaintiff's Complaint should be dismissed on immunity grounds. (Docket no. 10.) The undersigned agrees. The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Michigan has not consented to § 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). Neither has Congress abrogated state sovereign immunity in civil rights actions. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). As a department of the State of Michigan, the MDOS is entitled to immunity.

Plaintiff contends that (1) the Eleventh Amendment does not provide immunity from suit; (2) the Eleventh Amendment does not apply to motions made under Fed. R. Civ. P. 12(b)(6); and (3) he did not file his Complaint under 42 U.S.C. § 1983. (Docket no. 12 at 1-3.) But Plaintiff misinterprets the law as it applies to this matter. The Eleventh Amendment of the U.S. Constitution specifically bars claims against the states in federal court. Plaintiff asserts that such an interpretation is at odds with *Chisholm v. Georgia*, 2 U.S. 419 (1793), but the Eleventh Amendment was proposed and adopted for the express purpose of overruling *Chisholm*. *See*, *Hans v. Louisiana*, 134 U.S. 1, 10-11 (1890). And while Plaintiff is correct that Fed. R. Civ. P. 12(b)(6) and the Eleventh Amendment are not directly related, the Federal Rules provide the procedural vehicle through which all pleadings are filed. Thus, Defendant's Motion is proper. Likewise, while Plaintiff may not have knowingly intended to bring his claim under Section 1983,

this section is the vehicle through which federal civil-rights claims are filed. Therefore, Defendant's Motion to Dismiss should be granted.

### D. Conclusion

For the reasons stated above, the undersigned recommends granting Defendant's Motion to Dismiss [10]. This matter should be dismissed in its entirety.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as

"Response to Objection #1," "Response to Objection #2," etc.

Dated:  May 12, 2016                     s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served on Plaintiff Herbert Studstill El and counsel of record on this date.

Dated:  May 12, 2016                     s/ Lisa C. Bartlett
                                         Case Manager