UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT STUDSTILL EL,

                    Plaintiff,                                  Case Number 15-14043
                                                          Honorable David M. Lawson
v.                                                  Magistrate Judge Mona K. Majzoub

MICHIGAN DEPARTMENT OF STATE,

                    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE

Plaintiff Herbert Studstill El filed the present lawsuit over a dispute with the Michigan Department of State over the suspension of his driver's license. Studstill El contends that the suspension of his license by the Michigan Secretary of State after he failed to submit a physician's statement upon his reexamination of his qualification for driving privileges amounts to a violation of his rights under articles 1 through 7 of the Moorish Zodiac Constitution and Amendments I, IV, V, and XI of the United States Constitution. The Court referred this case to Magistrate Judge Mona K. Majzoub for pretrial management. Thereafter, the defendant filed a motion to dismiss the complaint. Judge Majzoub filed a report on May 12, 2016 recommending that the motion be granted because the defendant, a department of the State of Michigan, is immune from suit under the Eleventh Amendment to the Constitution. The plaintiff filed timely objections, the defendant filed a response, and the matter is before the Court for *de novo* review. After considering the motion, the pleadings, and the magistrate judge's report in light of the objections filed, the Court finds that the magistrate correctly determined the issues. Therefore, the Court will adopt the report and recommendation and dismiss the case.

The magistrate judge accurately described the plaintiff's complaint in her report.  For the purpose of the legal issue under discussion, it is enough to observe that the plaintiff is attempting to sue the Michigan Department of State, and that he seeks in his complaint an order reinstating his driving privileges and damages of $750,000.  The defendant moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff failed to state a valid claim for which relief can be granted, because his lawsuit is barred by Eleventh Amendment immunity.  As noted, the magistrate judge agreed.

The plaintiff objected to the recommendation because he says that (1) the rules of procedure do not supersede the Constitution; (2) dismissing his case would show favoritism to the defendant; and (3) the defendant, not the Court, should file a proper response to the motion.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;

making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff's arguments do not meet directly the magistrate judge's determinations, and they do not explain why the lawsuit can proceed in light of the Eleventh Amendment's bar. It is true that the rules of practice and procedure do not supersede the Constitution. However, Rule 12 of the Federal Rules of Civil Procedure does not prescribe any substantive rights. It is merely one of the "rules [that] govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. Congress has conferred upon the "Supreme Court . . . the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts." 28 U.S.C. § 2072(a). And the Supreme Court has done precisely that when it enacted Rule 12.

Of course, a rule of procedure could not alter a constitutional doctrine, such as allowing a lawsuit that otherwise would be barred by the Eleventh Amendment. That is because "[s]uch rules shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). These rules must be respected by litigants and courts alike, because they have been enacted by a process that "draws on the collective experience of bench and bar[] and . . . facilitates the adoption of measured, practical solutions." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 114 (2009) (citing 28 U.S.C. § 2073). So when determining whether a complaint filed in a federal district court may advance, the Court generally looks to Rule 12.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).  Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions."  *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009).  "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief.  *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)."  *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

That explains the procedure.  To determine if the plaintiff may sue the Michigan Department of State to recover damages and his driving privileges, the Court must look to the substantive law, which here is found in the Eleventh Amendment and the cases interpreting it.  The Eleventh Amendment plainly states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

-4-

The Supreme Court has explained on a number of occasions that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 280 (1973) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890); *Duhne v. New Jersey*, 251 U.S. 311 (1920); and *Parden v. Terminal R. Co.*, 377 U.S. 184 (1964). And as to the scope of immunity afforded by the Amendment, the Court has declared that "[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984).

With these well-established tenets of federal substantive and procedural law in mind, it is clear that the magistrate judge was on sound ground recommending dismissal of the plaintiff's lawsuit. His objection based on the relationship between the rules of procedure and the Constitution is overruled.

The plaintiff's objection that dismissing his case would show favoritism to the defendant likewise lacks merit. To the contrary, allowing the lawsuit to proceed in light of the strong pronouncements by the Supreme Court barring lawsuits of the present kind against states and their agencies would show favoritism to the plaintiff that is not warranted by any construction of existing law.

Finally, the plaintiff's objection based on his belief that the defendant, not the Court, should file a proper response to the motion to dismiss ignores the procedure followed in this case. The defendant in fact filed a proper motion; the Court did not act *sua sponte*. As the Sixth Circuit court of appeals has explained, "*sua sponte* means '[o]f his or its own will or motion.'" *Page v. City of*

-5-

*Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) (quoting Black's Law Dictionary 1013 (6th ed. 1990)). The court pointed out that the "most logical interpretation of the term motion . . . is that which a party requests a court to do, not what a court does on its own accord." *Ibid.* It was the defendant, not the magistrate judge, that asked for a dismissal through its "motion." The magistrate judge simply applied existing law and made a recommendation to the Court, as she was required to do under the order of referral. *See* 28 U.S.C. § 636(b)(1)(B). The report and recommendation was not a *response* to the defendant's motion; it was a recommendation to the Court, which was appropriate when a party (here, the defendant) has asked the Court for an order that could terminate the case. *See Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir.1993); *see also Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 876 (E.D. Mich. 2010), *aff'd*, 465 F. App'x 448 (6th Cir. 2012). The plaintiff's third objection will be overruled.

The Court agrees with the recommendations of the magistrate judge and finds that the plaintiff's objections are without merit. Upon *de novo* review, the Court determines that the defendant's motion to dismiss must be granted.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #13] is **ADOPTED**, and the plaintiff's objections [dkt. #14] are **OVERRULED**.

It is further **ORDERED** that the motion to dismiss [dkt. #10] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 18, 2016

-6-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2016.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI